CHARLES F. McDONALD, APPELLANT, v. CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918.

Where a plaintiff offers in evidence, in support of his case, a written
release, signed by him alone, of all claims for damages suffered
by him while in defendant's service, in consideration of a
stipulated payment to be made in instalments, and then as a
witness testifies that he never executed the release; that his
signature was obtained by the fraud of the releasee, which
induced the execution, and his testimony stands uncontradicted,
he has destroyed the evidential value, so far as he is concerned,
of the paper he offered, and cannot use it for his own benefit to
support a consideration for an oral promise differing from that
contained in the writing, especially where he has, in another
action to recover damages for the same injuries and to avoid
the effect of the release, set up fraud in execution.

On appeal from the Supreme Court.

For the appellant, *Charles E. Miller* and *Edwin F. Smith.*

For the respondent, *Charles M. Egan.*

The opinion of the court was delivered by

BERGEN, J.   This action is based upon an alleged promise
by defendant to pay plaintiff $6.20 a week as compensation
for injuries suffered while in the defendant's service, during
his disability, not to exceed three hundred weeks, predicated
upon the supposed liability of defendant to make such pay-
ments under our Workmen's Compensation act, but, as the
plaintiff was injured while serving in interstate commerce,
no such liability existed, the Federal Employer's Liability
act having brought all such cases within its provisions. *New
York Central Railroad Co.* v. *Winfield*, 244 *U. S.* 147; *Erie
Railroad Co.* v. *Winfield, Id.* 170. The plaintiff's case rested
upon an oral contract and a writing signed by the plaintiff
which released the defendant from all further claims of every

nature, the consideration being that defendant compensate the plaintiff for his injuries according to the terms of the Workmen's Compensation act. Notwithstanding this agreement and release, the plaintiff brought his action against the defendant, under the federal statute, to recover for his injuries, in which action the defendant interposed the release as a defence, to which plaintiff replied that he was fraudulently induced to execute the release and that it was *nudum pactum*.

The right to set up such a defence was affirmed by this court in an opinion delivered by Mr. Justice Swayze in *McDonald v. Central Railroad Co.*, 89 *N. J. L.* 251, and having had the benefit of such a defence in that action the plaintiff, in this case, sets up the same claim regarding the promise to pay, as expressed in the release, which was its only consideration, and still asserts that the promised payment as set out in the contract was not that made, which it was falsely represented to him was written in the contract. That is, he testifies that the writing he signed did not contain the real contract made and that his signature was procured by fraud, but now seeks to avail himself of so much thereof as releases all other claims as the consideration for a different promise —that is, the oral one.

Such a proceeding ought not to be successful in a court of justice. Having in one action denied the legal execution of the written contract, to further his purpose in that suit, he cannot now use it as a release to prove a consideration for an agreement to pay a different sum from that expressed therein, still declaring, as he does, that the writing is not his deed.

He testified in the present cause that the release was obtained by fraud; that it did not contain the agreement made; that he thought he was signing only a claim for compensation; that when he signed the paper he did not know it was a release, and that he did not agree to do anything for the company, or make any promise of any kind. The effect of his testimony is that he did not make the contract as written, and would not have executed it if he had not been induced to do it by the fraudulent misrepresentations of the

defendant; that it was not his act and not binding on him. This testimony stands without contradiction and effectively deprives the plaintiff of any benefit arising from the written contract. The plaintiff offered it in evidence, and then destroyed its efficiency, so far as he was concerned, by testifying that it was not in law his act, and therefore no deed which bound him. According to his testimony he had no written agreement, and had executed no release, therefore the writing was not evidential support of the written promise or release, and if this was all there was in the case the defendant would have been entitled to a direction. But the plaintiff urges that the defendant made him a promise which was not, but which should have been, incorporated in the writing, and that he is entitled to enforce it; that the writing did not express plaintiff's contract or operate as a release because of fraud in execution, is a good reason for avoiding at law, but if a party wishes to have it corrected so as to express the bargain made, he must have it reformed in equity. The plaintiff having by his testimony destroyed the evidential value of the release, so far as it could be useful to his case, all that remains to be considered is the right of plaintiff to enforce the oral contract, which was that the defendant was to pay plaintiff $6.20 a week during the period of his disability, not beyond three hundred weeks, according to the terms of the Workmen's Compensation act.

No consideration was shown for this oral promise, for it was not a promise to perform a legal obligation, arising under the statute, for no such obligation existed, and it was therefor only a voluntary promise to do something the promisor was under no legal obligation to perform, without proof that plaintiff's situation was changed by reason of the promise. Such promise is without consideration unless it results in some act done, forbearance, detriment, loss or responsibility incurred by the promisee at the request, express or implied, of the promisor. *Shadwell* v. *Shadwell*, 6 *Eng. Railw. Cas.* 9, and notes.

There is no proof in this case that the plaintiff suffered any loss because of the voluntary promise, the fact being that he

repudiated any rights he might have under it and brought his action, not on the promise but under the Federal Employer's Liability act, which does not limit the damages recoverable to the amount promised in the agreement now relied on, to recover damages for his injuries as if no promise had been made.

The plaintiff's case, briefly stated, is this: He was injured while in defendant's service relating to interstate commerce, and executed a release in consideration of defendant's promise to pay what he would be entitled to under our Workmen's Compensation act. Disregarding this agreement and release he brought suit for the same injuries under the federal act in which he, to avoid the effect of his release, set up that it was not his deed because of fraud in execution, and then brought this suit in which he testified that the written contract and release was not binding on him because it did not contain the agreement made, and that he was fraudulently induced to execute it by misrepresentations concerning its contents. In fact, he goes so far as to say that he never knowingly signed any release. There was no evidence to contradict this disavowal by the plaintiff of the binding force on him of the writing, and the case stands, so far as plaintiff's proofs show, as if no such agreement or release existed, for he cannot recover on a writing, the lawful execution of which he denies under oath, and the only other support to his case was an oral promise without a legal consideration.

In this situation of the proofs the defendant moved for a direction. which was refused; this ruling was error for no jury question remained.

The judgment in favor of the plaintiff will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.